PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT H. DOZIER, | ) | CASE NO. 1:11CV00782 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

Before the Court is Plaintiff Vincent H. Dozier's ("Dozier") objection to the Report and Recommendation of Magistrate Judge Greg White (ECF No.19) recommending that the Court affirm the Commissioner of the Social Security Administration's (hereinafter "Agency" or "Commissioner") decision denying Dozier's claim for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income.  ECF No. 20.

For the reasons stated below, the Court affirms the Commissioner's decision denying benefits to Dozier and adopts the magistrate judge's Report and Recommendation.

**I. Background**

In 2007, Dozier filed a claim for a Period of Disability ("POD") beginning November 28, 1998 and related Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Title II and Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381 *et seq*.  ECF No. 12 at 69; 72 (Tr. 66, 69).  Dozier alleged disability due to pain from injury resulting from a gunshot wound to his leg and from a fracture in his left hand; he

(1:11CV00782)

claims disabling pain from vascular necrosis of his hip, diffuse disc bulging and foraminal

stenosis in the lumbar spine. (Tr. 14, 89).

His application was initially denied and denied again upon reconsideration by the Social

Security Administration. ECF No. 14 at 51-54; 58, 60; (Tr. 48, 51; 55, 57). After these denials,

Dozier sought to have his claims evaluated by the Administrative Law Judge ("ALJ"). ECF No.

14 at 63; (Tr. 60). The ALJ denied both claims for benefits and, in response, Dozier filed a

Request for Review (ECF No. 14 at 10, 9; (Tr. 7, 6)), which was denied by the Appeals Council,

making the decision of the ALJ's decision the final decision of the Social Security

Administration. ECF No. 14 at 4; (Tr. 1).

Dozier appealed the Commissioner's denials, alleging the following single assignment of

error.[1] Upon review, the magistrate judge parsed that error into the issues presented as they

appear below:

1. The ALJ's finding of the RFC was arbitrary.

2. The ALJ erred in his finding that his symptoms were not credible to the extent
that they were greater than the RFC.

3. The ALJ erred when determining his credibility, chiefly by taking into account
employment record and criminal history.

ECF No. 19 at 6-7; 10-11.

The magistrate judge issued a Report recommending that the Court affirm the

Commissioner's denial of Dozier's application. ECF No. 19. Within the time-period permitted,

---

[1] Dozier presented as his sole issue on appeal: "Whether the Commissioner's Decision Is
Supported by Substantial Evidence When Mr. Dozier's Complaints of Disabling Pain Are
Reasonable in Light of the Objective Medical Evidence of Record." ECF No. 16.

(1:11CV00782)

Dozier's counsel filed a pleading purporting to object to the Report and Recommendation.  ECF No. 20.  Again, in a single paragraph, Dozier complained of his denial of benefits.  His entire objection is restated when discussed below.

## II.  Legal Standard & Discussion

A district court is required to conduct a *de novo* review of the claimant's objections to a Report and Recommendation.  28 U.S.C. § 636(b)(1).  A final decision of the Social Security Commissioner rendered by an ALJ is, however, not reviewed *de novo*.  Rather, a district court is limited to examining the administrative record to determine whether, when resolving a properly asserted objection, the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Not all pleadings captioned "Objections" are true objections deserving of *de novo* review.  General objections are not sufficient to alert the Court to errors allegedly made by prior reviewers, including the magistrate judge.  In other words, if an "objection" merely states a disagreement with the magistrate judge's suggested resolution, it is not a true objection for the purposes of judicial review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008) rev'd on other grounds, 617 F.3d 833 (6th Cir. 2010).  "General objections" do not serve the purposes of Federal Rule of Civil Procedure 72(b), which requires the Court to conduct a *de novo* review of only those portions of a magistrate judge's report and recommendation to which a party objects, and are equivalent to a failure to object. *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006).

3

(1:11CV00782)

In the instant matter, Dozier's objections are extremely general.   In its entirety, he lodges

the following complaints about the Report and Recommendation:

> After a careful reading of the *Report and Recommendation* of the Magistrate
> Judge, Plaintiff respectfully rejects to the Magistrate Judge's recommendation that
> the Commissioner's final decision be affirmed.
>
> Plaintiff objects to the Magistrate Judge's analysis of his complaints of disabling
> pain. The record documents, and the ALJ found, that Plaintiff suffers from severe
> impairments of degenerative arthritis and a vascular necrosis of the left hip.
> Objective evidence in the form of x-ray and MRI tests reveal degenerative
> changes and a vascular necrosis of the left hip, diffuse disc bulging and foraminal
> stenosis in the lumbar spine (Tr. 465) and degenerative changes in the cervical
> spine (Tr. 456). Plaintiff's work background and criminal history do not negate
> the fact that he suffers from significant severe impairments which could
> reasonably cause disabling pain. Given the vascular necrosis of the left hip, Mr.
> Dozier's testimony regarding his inability to sit or stand for any length of time is
> not unreasonable.

ECF No. 20.  This is not a true objection.  Just as when he sought appeal of the ALJ's decisions,

Dozier has done little more than state:  "The record contains evidence to support a different

reasonable result.  Take another look."  This is not sufficient to trigger judicial review of the

cogent analysis presented by the magistrate judge.  It is imperative that "[a] party who files

objections to a magistrate's [judge's] report, in order to preserve the right to appeal, must be

mindful of the purpose of such objections: to provide the district court 'with the opportunity to

consider the specific contentions of the parties and to correct any errors immediately.'"  *Id*.

(citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).

Additionally, Dozier should also be mindful that the findings of the Commissioner are

not subject to reversal merely because there exists in the record substantial evidence to support a

different conclusion.  *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (citing *Mullen*, 800

4

(1:11CV00782)

F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.  See *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).").  This is so because there is a "zone of choice" within which the Agency can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). Finally, while it is true that a district court may consider evidence in the record, regardless of whether it has been cited by the ALJ. *Id.*  The reviewing court may not, however, try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard*, 889 F.2d at 681; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

For the foregoing reasons, Dozier's general objection is denied without further review.

### III.  Conclusion

The Court affirms the decision of the Commissioner of Social Security's denying Dozier's application for benefits.  The Report and Recommendation (ECF No. 19) is adopted.

IT IS SO ORDERED.


 June 20, 2012                                 */s/ Benita Y. Pearson*
Date                                                    Benita Y. Pearson
                                                        United States District Judge